UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MATTHEW SHIRLEY,

      Plaintiff,

v.                                    CASE NO. 3:13-CV-824-DJH-CHL

WEST AMERICAN INSURANCE COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion to show cause ("Motion") (DN 27) filed by Defendant West American Insurance Company ("Defendant"). On May 26, 2015, the Court conducted a hearing, on the record, on the issues raised in the Motion. (*See* DN 35.) For the following reasons, the Court holds in contempt Dr. Dennis Wagner, Ed.D. ("Dr. Wagner") pursuant to Rule 45(g) of the Federal Rules of Civil Procedure. Dr. Wagner shall comply in full with the terms of the instant Order.

**Relevant Events**

**1. The Motion to Show Cause and Order for Hearing**

The factual background underlying the Motion and the May 26, 2015 hearing is set forth in a previous Order of the Court (DN 35, "Order for Hearing"). Plaintiff Matthew Shirley ("Plaintiff") wishes to use Dr. Wagner as an expert witness in this case in relation to his claim for emotional distress damages. Defendant alleges in the Motion (DN 27) and in its subsequent memorandum (DN 34) that Dr. Wagner has failed to respond adequately to two subpoenas for medical records served on him by Defendant.

On May 18, 2015, the Court issued the Order for Hearing. The Court ordered as follows:

> [T]he Court shall conduct a hearing in this matter on **May 26, 2015 at 1:00 p.m.** Dr. Wagner and counsel for both parties SHALL APPEAR IN PERSON. Dr. Wagner shall bring with him to the hearing all mental health treatment and counseling records, including psychotherapy notes, in his care, custody, or control, that relate to the Plaintiff Matthew Shirley. If the Court deems it necessary, it may conduct an in camera review of such documents. The Court will reserve a ruling on the motion to show cause (DN 27) until after the hearing.

(DN 35 at 3 (emphases in original).) The Order for Hearing was served electronically on counsel of record for both parties and on Dr. Wagner, by mail, at his place of business. (*Id.*)

    **2. The May 26, 2015 Hearing**

        a. <u>Discussion with Counsel</u>

Dr. Wagner did not appear for the hearing on May 26, 2015. Counsel for Plaintiff stated that he last spoke to Dr. Wagner on May 21, 2015, at which time Dr. Wagner informed counsel that he had two patients scheduled for the afternoon of May 26, 2015, and that he would attempt to reschedule the patients. Counsel stated that he received no answer when he attempted to contact Dr. Wagner by telephone on the morning of the hearing.

Counsel for Defendant stated that Defendant has not received an objection of any kind from Dr. Wagner with respect to the two subpoenas. The only response received by Defendant consisted of two pages of medical records sent by Dr. Wagner via facsimile on or about April 30, 2015. The two pages relate to treatment of Plaintiff on January 26, 2015. The records were accepted as Defendant's Exhibit 1 and filed under seal. Counsel for each party stated that Dr. Wagner later sent to Plaintiff's counsel, also by facsimile, five pages of medical records. The five pages included the two pages previously sent to Defense counsel. Those records were accepted as Defendant's Exhibit 2 and filed under seal. Counsel for each party relayed to the Court his repeated efforts to contact Dr. Wagner regarding the lack of response to the subpoenas.

The Court concluded that Dr. Wagner's presence was required in order to address his failure to both (1) respond to the subpoenas issued by Defendant; and (2) appear pursuant to the Order for Hearing. The Court directed counsel for Plaintiff to contact Dr. Wagner and convey the Court's order that he appear by 2:20 p.m. and that he bring his entire file on Plaintiff.

      b. Dr. Wagner's Testimony

After a short recess, the hearing resumed with Dr. Wagner present. Dr. Wagner provided testimony, under oath, in response to questioning by the Court. Dr. Wagner did not have with him his file on Plaintiff. He testified that the file was at his home and he had come to court directly from his office. The Court questioned Dr. Wagner regarding the second subpoena, which was served on him personally. He first stated that he did not recall whether he received the subpoena, but after reviewing the original, he agreed that he received the subpoena and that it bore his signature.[1]

Upon reviewing Exhibit 1, the two pages of records, Dr. Wagner confirmed that he sent the documents to defense counsel. He identified the two pages as notes from a therapy session on January 26, 2015, which he stated was Plaintiff's "intake date." Dr. Wagner then reviewed Defendant's Exhibit 2, the five pages of medical records.[2] Dr. Wagner testified that Exhibit 2 contained notes from four treatment dates: (1) January 26, 2015; (2) February 2, 2015; (3) March

---

[1] Dr. Wagner testified that he did not recall whether he received the first subpoena, which was served on him by certified mail. Defense counsel stated that his office was unable to locate a return receipt for the first subpoena. The lack of proof of receipt prompted defense counsel to serve the second subpoena, this time by personal service.

[2] The cover sheet accompanying these documents states that the facsimile contained nine pages, but the total number of pages received, including the cover sheet, was only six. Dr. Wagner acknowledged that the cover sheet stated that there were nine pages total, but that only six pages were included in the facsimile to Plaintiff's counsel. Dr. Wagner further testified that he would have been the one to send the facsimile. He stated that he was unsure whether there were pages missing, or whether the cover sheet's designation of nine pages was in error.

16, 2015; and (4) April 2, 2015. He agreed that all four dates of treatment pre-dated his production of the two pages of records to Defendant's counsel.

Dr. Wagner testified that he sent only the January 26, 2015 records to Defendant because (1) he sent what he had in his possession at the time he responded to the subpoena; and (2) he believed he was only required to send documents that pre-dated the subpoena. The Court found that the explanations offered by Dr. Wagner were both contradictory and negated by the facts. First, Dr. Wagner produced the documents to Defendant at the end of April; at that time, he had in his possession all of the documents he sent to Plaintiff's counsel, which were created between January 26, 2015 and April 2, 2015. Second, the subpoena was served on Dr. Wagner on April 9, 2015, which also was after the date of the latest document sent to Plaintiff's counsel. (DN 27-4 at 2 (Subpoena Proof of Service).) Moreover, the Court stated, Dr. Wagner has a continuing obligation to comply with the subpoena, so he must turn over all documents related to Plaintiff, even if they come into existence after the date of the subpoena.

Dr. Wagner testified that he was not sure whether received the Order for Hearing. He confirmed that the address to which the Court served the Order for Hearing is the correct address for his practice. When asked by the Court why he failed to appear at the date and time set in the Order for Hearing, Dr. Wagner testified that he believed Plaintiff's counsel informed him that he did not have to appear for the May 26, 2015 hearing because everything was in order.

## Legal Analysis

Rule 45 of the Federal Rules of Civil Procedure governs subpoena practice in civil litigation in the federal courts. Pursuant to Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without

4

adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Dr. Wagner admits that he was served with the second subpoena on April 9, 2015. Based on counsel's statements and Dr. Wagner's testimony, the Court finds that Dr. Wagner was served with the first subpoena. Finally, the Court finds that Dr. Wagner was in receipt of the Order for Hearing, which required his presence at the May 26, 2015 hearing.

It is essential that Dr. Wagner be mindful of his obligations pursuant to any subpoena that is properly served on him. The dictates of Rule 45 apply with equal force to Dr. Wagner as they would to a party to this action. If Dr. Wagner believed that he had a valid objection to any aspect of either subpoena, it was incumbent upon him to object consistent with the terms of Rule 45.

For the foregoing reasons, the Court finds that Dr. Wagner "fail[ed] without adequate excuse to obey" either subpoena served on him by Defendant. Fed. R. Civ. P. 45(g). The Court further finds that Dr. Wagner is in violation of the Order for Hearing, which is "an order related to" a subpoena. *Id.*

Accordingly, consistent with the Court's orders made orally at the May 26, 2015 hearing, IT IS HEREBY ORDERED:

(1) Defendant's Motion for Order to Show Cause (DN 27) is GRANTED.

(2) Dr. Dennis Wagner, Ed.D. is HELD IN CONTEMPT pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, for failure to obey two subpoenas issued in this action, as well as an Order of the Court (DN 35) related thereto.

(3) **No later than May 28, 2015 at 3:00 p.m.**, Dr. Wagner shall bring originals of ALL DOCUMENTS in his care, custody or control, related to Plaintiff Matthew Shirley, to the

Clerk's Office, 601 West Broadway, Room 106, Gene Snyder U.S. Courthouse, Louisville, Kentucky 40202.  The term "documents" is to be construed broadly.

(4)  **No later than the close of business on June 1, 2015**, Dr. Wagner shall REIMBURSE DEFENDANT in the amount of FIVE HUNDRED DOLLARS in relation to Defendant's counsel's efforts to seek compliance with the subpoenas.  Payment shall be made by such means as are directed by counsel for Defendant.  OR, Dr. Wagner shall file with the Court any objections he has to the instant Order.

IT IS FURTHER ORDERED, pursuant to the Court's Order of May 20, 2015 (DN 36), and based on a discussion with counsel following the May 26, 2015 hearing, that the parties shall appear for a SETTLEMENT CONFERENCE to be conducted by the undersigned on **September 15, 2015 at 10:30 a.m.**  The Court will issue a separate order addressing the parties' obligations related to the settlement conference.

cc:   Counsel of record

   Dr. Dennis Wagner, Ed.D.
   1326 S. Third Street
   Louisville, Kentucky 40208

1:00